```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
JANICE GULLUSCIO,                  )
                                   )
        Plaintiff,                 )
                                   )   C.A. No. 16-293 S
    v.                             )
                                   )
STRYKER SALES CORPORATION;         )
STRYKER SUSTAINABILITY SOLUTIONS;  )
and STRYKER ORTHOPEDICS CORP.,     )
                                   )
        Defendants.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff, Janice Gulluscio, filed a Complaint (ECF No. 1-1) against Defendants Stryker Sales Corporation, Stryker Sustainability Solutions, Inc., and Stryker Orthopedics Corp., (collectively, "Defendants") alleging that Defendants negligently designed, manufactured, and sold the Trident Acetabular System ("Trident System"); Defendants negligently failed to warn consumers of the Trident System's defect; and Defendants breached their express and implied warranties that the Trident System was safe for its intended use.  Plaintiff moves to amend her Complaint as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (Pl.'s Mot. to Amend Compl., ECF No. 7.)  Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Defs.' Mot. to Dismiss Pl.'s Compl., ECF No.

6.) For the following reasons, Plaintiff's Motion to Amend is GRANTED, and Defendants' Motion to Dismiss is DENIED.

I. Facts[1]

On or about September 23, 2003, Plaintiff underwent a complete hip replacement surgery for her right hip at the Westerly Hospital. Her hip was replaced with the Trident System, which was allegedly designed, manufactured, and sold by one or more of the Defendants. In February 2013, Plaintiff's hip replacement system allegedly failed, causing her to fall and suffer several serious injuries, including a broken wrist, a broken tooth, a spinal fracture, and various bruises and contusions. Plaintiff subsequently underwent another hip replacement surgery and incurred the pain and suffering attendant with such a procedure.

Plaintiff filed this suit in the Superior Court of the State of Rhode Island, County of Washington, on January 27, 2016 and Defendants timely removed the action on June 22, 2016.

II. Discussion

    A.   Plaintiff's Motion to Amend Complaint

Plaintiff has moved to amend her Complaint as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure,

---

[1] Because this Court grants Plaintiff's Motion to Amend, the Court gleans the instant facts from the Amended Complaint. <u>Dresdner Bank AG v. M/V Olympia Voyager</u>, 463 F.3d 1210, 1215 (11th Cir. 2006) (An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary) (quotations omitted).

which provides that Plaintiff may file an amended complaint twenty-one days after service of a motion under Rule 12(b).  See Fed. R. Civ. P. 15(a)(1)(B); see also Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) ("[I]t is clear beyond hope of contradiction that the Civil Rules permit a party to amend its complaint 'once as a matter of course at any time before a responsive pleading is served.'").  The Court therefore grants Plaintiff's Motion and considers the facts alleged in the Amended Complaint in determining the merits of Defendants' Motion.

    B.    Defendants' Motion to Dismiss Plaintiff's Complaint

In ruling on a motion to dismiss, the Court must "accept the well-pleaded facts as true, viewing factual allegations in the light most favorable to the plaintiff." Rederford v. US Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted).

Defendants argue that Plaintiff's Complaint is legally insufficient because it fails to state facts that support all of the

3

elements of Plaintiff's claims. Reading the Complaint in the light most favorable to Plaintiff, this Court disagrees and finds that Plaintiff has alleged sufficient facts to state a plausible claim for relief for each of her claims.

With respect to Plaintiff's claim for negligent design, manufacture, and sale of the Trident System, Defendants argue that "[n]owhere does the Complaint offer any facts specifying any way in which [Defendants] breached a duty owed to Plaintiff, nor does the Complaint even plead that such a duty existed." (Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. 5-6, ECF No. 6.)  While the Complaint does not explicitly state that Defendants owed Plaintiff a duty of care, the Complaint nonetheless adequately establishes the elements of her negligence claim.  The Complaint states that Defendants were manufacturers, designers, and sellers of the Trident System, and implied that Plaintiff was the ultimate consumer of the Trident System.  (Am. Compl. 1, ECF No. 9.)  The Complaint further alleges that Defendants knew or should have known of the Trident System's defective condition and that the defect caused Plaintiff's injuries. (Id. at 2.)  These facts adequately allege that Defendants, as manufacturers, had a duty to provide consumers, such as Plaintiff, with products that were safe for their intended uses. See Crawford v. Cooper/T. Smith Stevedoring Co. Inc., 14 F. Supp. 2d 202, 210 (D.R.I. 1998) (holding that, under Rhode Island law, "[t]he legal duty that is the predicate for the . . . negligent manufacturing

4

claim is the general duty of every manufacturer to use due care to avoid foreseeable dangers in its products") (quoting <u>Medtronic, Inc. v. Lohr</u>, 518 U.S. 470, 501 (1996)); <u>see also</u> Restatement (Second) of Torts § 395.  The facts alleged in the Complaint clearly imply that Defendants owed Plaintiff a duty of care in manufacturing the Trident System and, therefore, Plaintiff has stated a claim upon which relief may be granted.

With respect to Plaintiff's claim for negligent failure to warn of the Trident System's defective condition, Defendants argue that Plaintiff failed to "demonstrate that defendant had reason to know about the product's dangerous propensities which caused plaintiff's injury." (Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Amend Compl. as a Matter of Course 6, ECF No. 12.)  In her Complaint, Plaintiff states that "the [Trident] System was designed and manufactured so as to be insufficient to withstand the foreseeable use and placement in the human body" and that Defendants "continued to sell and distribute the System even though they knew of its unsafe nature." (Am. Compl. ¶¶ 4, 10, ECF No. 9.)  Based on these facts, Plaintiff then alleges that Defendants "failed to properly warn consumers of the dangers of the System." (<u>Id.</u> at ¶ 11.)  Contrary to Defendants' argument, this last statement is not merely a legal conclusion.  It is a factual statement alleging Defendants' failure to take a particular action.  Thus, taken as a whole, the Complaint states sufficient facts to support Plaintiff's claim that Defendants knew

of the defect and negligently failed to warn Plaintiff of that defect.  See Crawford, 14 F. Supp. 2d at 210 (holding that "the predicate for the failure to warn claim is the general duty to inform users . . . of potentially dangerous items of the risks involved in their use" (quoting Medtronic, 518 U.S. at 501)).

Lastly, Defendants argue that Plaintiff's claims for breach of express and implied warranty fail to meet the Twombly pleading standard because they state only "bald, conclusory allegations." (Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Amend Compl. as a Matter of Course 4, ECF No. 12.)  In light of the facts Plaintiff has alleged, the breach of warranty claims seem to be based on a theory of strict products liability.  Under Rhode Island law, a cause of action for damages caused by a defective product "may be predicated upon either a theory of breach of warranty or one of strict liability in tort. . . the two theories, basically, are merely different ways of describing the very same cause of action."  Romano v. Westinghouse Elec. Co., 336 A.2d 555, 561–62 (R.I. 1975) (Joslin, J., dissenting in part and concurring in part) (quotations omitted); see also Dooley v. Parker-Hannifin Corp., 817 F. Supp. 245, 247–48 (D.R.I. 1993), aff'd, 7 F.3d 218 (1st Cir. 1993) (finding that "[r]esponsibility for personal injury caused by a defective product . . . may be imposed on one who 'sells' the product on the theory of strict liability in tort as set forth in Restatement (Second) of Torts § 402A") (citations omitted).  Thus, in Rhode Island, a

manufacturer who sells a defective product unreasonably dangerous to the ultimate consumers may be strictly liable when the consumer of that product suffers any harm as a result of the defect. Ritter v. Narragansett Elec. Co., 283 A.2d 255, 263 (R.I. 1971) (adopting Restatement (Second) of Torts § 402A).

Here, the Complaint states facts describing how the Trident System allegedly was defective, that the alleged defect caused Plaintiff's injuries, that Defendants were aware of the defect, and that Defendants nonetheless continued manufacturing and selling the Trident System. (Am. Compl. ¶¶ 3, 5, 6(A)(2)-(5), 6(A)(10), ECF No. 9.) Drawing all inferences in Plaintiff's favor, the Complaint has alleged sufficient facts to support each of the elements of her claims, whether interpreted as breach of warranty claims or as claims for strict products liability.

III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend her Complaint is GRANTED, and Defendants' Motion to Dismiss is DENIED. IT IS SO ORDERED.

/s/ W. E. Smith
William E. Smith
Chief Judge
Date:  October 31, 2016